# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

SAMUEL DEORIO,

    Petitioner,

v.

VIC FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:17-cv-89

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Samuel Deorio ("Deorio"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 9), to which Deorio filed a Response, (doc. 11). For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Deorio's Section 2241 Petition, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I also **RECOMMEND** the Court **DENY** Deorio *in forma pauperis* status on appeal.[1]

## **BACKGROUND**

On April 25, 2000, a jury in the Southern District of Florida found Deorio guilty of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Docs. 9-3, 9-4, 9-5.) The Southern District of Florida sentenced Deorio to a total term of 322 months'

---

[1] The Court **GRANTS** Deorio's Motion to Exceed Page Limits. (Doc. 2.) The Court has considered the entirety of Deorio's pleadings when ruling on his Section 2241 Petition and Respondent's Motion to Dismiss.

imprisonment. (Doc. 9-5.) Deorio filed a direct appeal, and the Eleventh Circuit Court of Appeals ultimately affirmed his convictions and sentence. United States v. Deorio, 45 F. App'x 876 (11th Cir. 2002); (see also doc. 9-6.)

On August 20, 2002, (while his direct appeal was still pending), Deorio filed a motion in the Southern District of Florida, pursuant to 28 U.S.C. § 2255, attacking his conviction and sentence. (Docs. 9-7, 9-8.) Deorio argued that the district court lacked jurisdiction to prosecute him in federal court because the drug offenses took place on private property, not on a federal enclave. (Id.) After the Eleventh Circuit issued its mandate on October 16, 2002, the district court denied Deorio's Section 2255 motion, finding that his claim was meritless. (Docs. 9-9, 9-10.)

On June 20, 2016, Deorio filed an application for leave to file a second or successive Section 2255 motion with the Eleventh Circuit based on the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015).[2] (Doc. 9-11.) Deorio also filed another Section 2255 motion in the Southern District of Florida seeking to vacate his sentence based on Johnson. (Docs. 9-13, 9-14.) The district court stayed the Section 2255 motion pending the resolution of Deorio's application with the Eleventh Circuit. (Docs. 9-15, 9-16.) On July 20, 2016, the Eleventh Circuit denied Deorio's application for leave to file a successive Section 2255 motion. (Doc. 9-17.) The court held that, though Deorio may have made a *prima facie* showing that he falls under the scope of the newly-announced rule in

---

[2] In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague and found that increasing a sentence under that clause violates the Constitution's guarantee of due process. Johnson, ___ U.S. at ___, 135 S. Ct. at 2557–58, 2563. However, the Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes clause of the ACCA's definition of a violent felony. ___ U.S. at ___, 135 S. Ct. at 2563. The Supreme Court subsequently decided in Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257 (Apr. 18, 2016), that Johnson announced a new rule of substantive law that applies retroactively to cases on collateral review.

2

Johnson, the application of Johnson would have no effect on his actual sentence under the concurrent sentence doctrine. (Id. at pp. 7–8.) Specifically, the court found that even if, under Johnson, the ACCA enhancement were removed from Deorio's sentence for being a felon in possession of a firearm, he would still be subject to a concurrent sentence of 262 months' imprisonment on his drug-conspiracy conviction, because he qualified as a career offender based on two predicate crimes of violence or controlled-substance offenses: cocaine trafficking and aggravated battery. (Id.) Following the Eleventh Circuit's denial of Deorio's application, the district court dismissed his Section 2255 motion. (Doc. 9-18.)

Having been rejected by the Southern District of Florida and the Eleventh Circuit, Deorio has now turned to this Court to attack his sentence. In the instant Section 2241 Petition, he once again contends that Johnson compels that he be resentenced without the armed career criminal enhancement. (Doc. 1.) As relief, he requests to be resentenced without a career offender enhancement. (Id. at p. 8.)

Respondent moved to dismiss Deorio's Petition, contending that he does not satisfy the requirements of the 28 U.S.C. § 2255(e) "saving clause" in light of the Eleventh Circuit's decision in McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017). (Doc. 9.) Deorio filed a Response opposing the Motion to Dismiss. (Doc. 11.)

## DISCUSSION

### I. Whether Deorio can Proceed Pursuant to Section 2241

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to

3

collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective". Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under Section 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper. . . . A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the

exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan, 851 F.3d at 1081.

After McCarthan, to determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a Section 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under Section 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under Section 2241. To be sure, "[t]he remedy [afforded] by [a Section 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner could obtain relief under Section 2255 is not relevant to the McCarthan test. Thus, the "remedy" that must be "inadequate or ineffective" to trigger the saving clause is "the available process—not substantive relief." Id. at 1086.

"Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of section 2255[.]" Id. at 1090. For example, "[t]he mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Id. at 1091 ("A federal prisoner has one year to move to vacate his sentence under section 2255. But when a prisoner uses the saving clause to bring a claim that is cognizable in a motion to vacate, he bypasses his statute of limitations and gains limitless time to press claims that prisoners who meet the requirements of section 2255 do not receive."); Body v. Taylor, No.

5

1:15-CV-00311-AKK, 2015 WL 1910328, at *6 (N.D. Ala. Apr. 27, 2015), *appeal dismissed*, (Oct. 28, 2015) (quoting Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999)[3] (Cox, J., concurring specially) ("I also agree that the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion."); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (bars on successive motions and statute of limitations do not render § 2255 motion inadequate or ineffective); and Charles v. Chandler, 180 F.3d 753, 756–58 (6th Cir. 1999) (statute of limitations bar does not make Section 2255 inadequate or ineffective)).

The Eleventh Circuit emphasized that the saving clause has meaning because not all claims can be remedied by Section 2255. "A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." McCarthan, 851 F.3d at 1092–93 (citing Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985)). "The saving clause also allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable. Other circuits have held that a prisoner may file a petition for a writ of habeas corpus if his sentencing court has been dissolved." Id. at 1093 (quoting Prost v. Anderson, 636 F.3d578, 588 (10th Cir. 2011) (explaining that, for military prisoners, "the resort to § 2241 is the norm rather than the exception . . . due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack")). Additionally, "perhaps practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." Id. (citing Cohen v. United States, 593 F.2d 766, 771 & n.12 (6th Cir. 1979)). However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his

---

[3] Wofford was overruled on other grounds by McCarthan.

detention.'" Id. (quoting Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1278 (11th Cir. 2014) (W. Pryor, J., concurring) (quoting 28 U.S.C. § 2255(e)). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the Section 2255 court got it wrong. Id. at 1086, 1090. "If the saving clause guaranteed multiple opportunities to test a conviction or sentence, then the bar against second and successive motions under section 2255(h) would become a nullity." Id. at 1090.

This case does not present the "limited circumstances" warranting application of the saving clause. Deorio's claims—that the Southern District of Florida improperly sentenced him as a career offender and that Johnson requires that he be resentenced—are the types of claims and requested relief that Section 2255 encompasses. His claim for relief, that he be resentenced, reveals that he is not attacking the manner in which his sentence is being executed but, rather, the sentence itself. Thus, he would have been permitted to bring his claims in a motion to vacate, and Section 2255 provides Deorio with an adequate procedure to test his claim. Indeed, Deorio challenged his sentence through a Section 2255 motion before the Southern District of Florida, and he sought leave to file a second or successive Section 2255 Motion from the Eleventh Circuit. In those pleadings, he raised the same claims he raises in this Petition. Thus, he has acknowledged that the claims he asserts and the relief he seeks are the type of claims and relief encompassed by Section 2255.

In his Response to the Motion to Dismiss, Deorio acknowledges that he "may not be able to meet the stiff test devised in McCarthan", but he claims that he should still be allowed to proceed under Section 2241 because the Eleventh Circuit "rendered [Section 2255 relief] inadequate or ineffective . . . by denying him the permission stages on grounds not authorized by statute." (Doc. 11, p. 8.) This Court cannot ignore the holding in McCarthan, as Deorio

requests. Furthermore, regardless of the merits of Deorio's dissatisfaction with the Eleventh Circuit's denial of his request for permission to file a second or successive Section 2255 motion, that dissatisfaction cannot serve as a basis for allowing him to proceed under the saving clause.

It appears that, though Deorio labels his filing a Section 2241 Petition, he is actually attempting to bring a second or successive Section 2255 motion. Pursuant to Section 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). However, Deorio must first obtain permission from the Eleventh Circuit before filing a second Section 2255 motion. Nevertheless, Deorio has available to him an actual remedy under Section 2255: the right to request permission to file a second or successive Section 2255 motion under Section 2255(h). The fact that the Eleventh Circuit has denied Deorio's application to file a second or successive Petition does not render the remedy "unavailable" to him. See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s saving[ ] clause does not apply."). As such, Deorio cannot rely upon Section 2255(e) to proceed with his Section 2241 Petition.

Further, Deorio's Section 2255 remedy is not nullified merely because he cannot overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or

8

inadequate remedy."). Thus, the fact that Deorio previously brought a Section 2255 motion and faces the successiveness bar in Section 2255(h) does not itself render a Section 2255 motion inadequate or ineffective. Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011). Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provides Deorio an "adequate procedure" to test his conviction and sentence. This procedure is clearly available to him as he already filed Section 2255 motions. Moreover, he has an avenue to seek permission to file a second or successive motion from the Eleventh Circuit. Again, merely because the Eleventh Circuit did not grant that application does not change the fact that the type of claim Deorio seeks to bring is the type encompassed by Section 2255. Consequently, Deorio cannot show that Section 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim[s] in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Deorio cannot satisfy the saving clause, his claims are procedurally barred, and the Court cannot reach the merits of his arguments.

For all these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Deorio's Section 2241 Petition.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Deorio leave to appeal *in forma pauperis*. Though Deorio has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of

party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Deorio's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Deorio *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 9), **DISMISS** Deorio's Petition for Writ of Habeas Corpus, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** that the Court **DENY** Deorio leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Deorio and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of October, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA